IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Civil Action No. 5:11CR6
                                                (STAMP)

BRIAN C. JENKINS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO SUPPRESS AND
DENYING AS MOOT DEFENDANT'S MOTION
TO SUPPRESS EVIDENCE SEIZED
UNDER SEARCH WARRANT**

I. Procedural History

The defendant in the above-styled criminal action, Brian C. Jenkins, is the only defendant in a five-count indictment charging him with three counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), and two counts of aiding and abetting tampering with a witness in violation of 18 U.S.C. § 1512(b)(2) and 18 U.S.C. § 2. On May 12, 2011, the defendant filed a motion to suppress evidence obtained in violation of his constitutional rights under the Fourth Amendment. Specifically, the defendant seeks to suppress all evidence seized from the search of his digital camera and all evidence that flows directly from that illegal search. The United States filed a response to the defendant's motion to suppress on May 23, 2011, in

which it argues that because the defendant did not have a reasonable expectation of privacy in the camera, he cannot contest its search. On June 24, 2011, the defendant filed a second motion to suppress evidence seized under a search warrant in violation of his Fourth Amendment rights. According to the defendant, there was no probable cause for the police officers' search and seizure of the digital camera; therefore, the search warrant was invalid.[1]

United States Magistrate Judge James E. Seibert issued a report and recommendation on June 28, 2011, recommending that the defendant's motion to suppress be granted in part and denied in part. The magistrate judge concluded that the defendant's motion to suppress should be granted as to the memory card seized from the defendant's pocket because it was unreasonable for the officers to believe a search of the memory card would produce evidence related to the crime for which the defendant was arrested. The magistrate judge further held that the defendant's motion to suppress should be denied as to the digital camera, the memory card contained therein, and the statements allegedly made by the defendant to

---

[1] Deputy J.K. Maston of the New Martinsville Police Department applied for a search warrant in the course of his investigation of the larceny of all-terrain vehicles ("ATV"). The application requests a search warrant for a digital camera and two accompanying memory cards. The defendant argues that the factual basis set forth in the application does not discuss the discovery of the digital camera on June 7, 2010, and it is unclear how the search of the camera has any nexus to the investigation of the stolen four wheeler. The defendant concludes that this lack of nexus between evidence of the purported theft and the camera and memory cards renders the warrant defective.

hinder his prosecution. The magistrate judge found that because the defendant effectively abandoned the digital camera and its memory card, he forfeited any reasonable expectation of privacy he may have held in those items. Finally, the magistrate judge held that the defendant's motion to suppress evidence seized under the search warrant should be denied as moot because the issues raise in the first motion to suppress sufficiently resolve the issues raised in the second motion to suppress. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they may file written objections within fourteen days of the date of the report and recommendation. The defendant filed objections on July 12, 2011, and the United States filed a response to those objections on July 15, 2011. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the defendant's objections, affirm and adopt the magistrate judge's report and recommendation in its entirety, grant in part and deny in part the defendant's motion to suppress, and deny as moot the defendant's motion to suppress evidence seized under the search warrant.

## II. Facts

On June 7, 2010, Officer Donald Larson of the New Martinsville, West Virginia Police Department was investigating the theft of a 2004 Honda four wheeler (or "ATV") and encountered two individuals traveling east on Foundry Street on a similar vehicle.

When Officer Larson activated his lights to perform a traffic stop, the four wheeler sped away and turned into a nearby yard where it eventually stopped. Officer Larson approached the four wheeler on foot and began to search the area. First, he noticed a blonde female, who he later ascertained was thirteen years old, lying face down in a wooded area. Continuing his search, Officer Larson saw a man lying face down in the wooded area. He ordered the man to crawl forward and the man complied. Officer Larson handcuffed the man and identified him as the defendant, Brian Jenkins. At this time, Police Chief Timothy Cecil arrived at the scene and took custody of the defendant.

While searching the area, Officer Larson found a digital camera in the path where the defendant had crawled out from the woods. According to Officer Larson and Chief Cecil, the defendant denied ownership of the camera even before he was questioned about it.[2] Subsequently, the defendant was arrested on charges of fleeing an officer and driving under the influence ("DUI"). All items in the defendant's possession, including a memory card taken from the defendant's pocket, were placed in an envelope and the defendant was then taken to the police station. When Officer Larson looked at the pictures on the camera, he discovered pictures

---

[2] The defendant, however, testified that Officer Larson took the camera from the right front breast pocket of his coat, which was zipped. Suppression Hr'g Tr. 20-21, June 17, 2011. The magistrate judge noted that the location of the camera was the only material dispute in the testimony for all witnesses.

of child pornography. Believing these pictures constituted a felony, Officer Larson called Detective Donald Harris, who is in charge of all felony investigations for the police department.[3]

Officer Larson later filed a complaint against the defendant in the Magistrate Court of Wetzel County, West Virginia. Subsequently, the Tyler County, West Virginia Sheriff's Office obtained a search warrant for the camera, the memory card in the camera, and the second memory card found in the defendant's pocket. Officer Anthony Ray Thomas testified that both he and Officer Larson looked at the memory card found in the defendant's pocket approximately one to two weeks after the defendant's arrest, and prior to the issuance of the search warrant.[4]

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

---

[3]The magistrate judge notes that Officer Larson did <u>not</u> look at the pictures contained on the separate memory stick that was found in the defendant's pocket on June 7, 2010.

[4]This Court notes that the magistrate judge's opinion states that Officers Thomas and Larson looked at the memory card in the <u>camera</u> approximately one to two weeks after the defendant's arrest. However, a review of the transcript from the hearing on the motion to suppress reveals that the officers actually looked at the pictures on the memory card found in the defendant's pocket one or two weeks after his arrest. Suppression Hr'g Tr. 12, June 21, 2011. Officer Larson viewed the pictures on the camera while the defendant was detained at the New Martinsville Police Department. Suppression Hr'g Tr. 41, June 17, 2011.

5

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed timely objections, this Court reviews de novo the magistrate judge's report and recommendation.

## IV. Discussion

In his motion to suppress, the defendant argues that the officers did not have consent or a search warrant when they searched the digital camera. Thus, the search violated the defendant's rights under the Fourth Amendment and the evidence seized from the digital camera must be suppressed. The defendant contends that because the police had already recovered the stolen Honda four wheeler that they were investigating, they had already solved the crime, and seizing the digital camera would have yielded no further information regarding the theft of the four wheeler. Lastly, the defendant argues that the statements made to his sister allegedly urging witnesses not to cooperate with law enforcement flowed directly from the illegal search of the camera and are also subject to suppression.

The government argues, in opposition, that the motion to suppress should be denied because the defendant had no reasonable expectation of privacy in the camera. According to the government, the defendant's denial of ownership constitutes abandonment of his

property interest in the camera. Thus, the defendant cannot complain of the search of the camera.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. Warrantless seizures "'are per se unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions.'" United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005) (quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)). One of the well-recognized exceptions to the warrant requirement is a search incident to a lawful arrest. See United States v. Currence, 446 F.3d 554, 556 (4th Cir. 2006). Pursuant to this exception, law enforcement officers may search "the arrestee's person and the area 'within his immediate control'" following a lawful arrest. Id. (quoting Chimel v. California, 395 U.S. 752, 763 (1969)).

Also included in the exceptions to the warrant requirement is the search of abandoned property. Abel v. United States, 362 U.S. 217, 240-41 (1960). This exception is based upon the rationale that a person who abandons property has no standing to object to a search of that property. Id. The determination of intent to abandon property "may be inferred from words, acts and other objective facts. The determination of this intent must be made after consideration of all relevant circumstances, but two factors

7

are particularly important: denial of ownership and physical relinquishment of the property." Al-Karrien v. Commonwealth, 561 S.E.2d 747, 751 (Va. 2002).

The magistrate judge found that because the defendant disclaimed ownership of the camera at the time of his arrest, he forfeited any reasonable expectation of privacy in the digital camera, as well as the memory card contained therein. By telling the officers that the camera belonged to a friend, the magistrate judge concluded that the defendant had effectively abandoned ownership of the camera. See United States v. De Los Santos Ferrer, 999 F.2d 7, 9 (1st Cir 1992) (defendant disclaimed ownership of luggage); United States v. Torres, 949 F.2d 606, 608 (2d Cir. 1991) ("[A]n otherwise legitimate privacy interest may be lost by disclaiming or abandoning property."); United States v. Frazier, 936 F.2d 262, 264-65 (6th Cir. 1991) (holding that disclaimer of ownership of a bag constituted an abandonment that resulted in the defendant's lack of standing to challenge the search); United States v. Ruiz, 935 F.2d 982, 984 (8th Cir. 1991) (holding that the defendant abandoned any privacy interest he may have had in luggage when he disclaimed ownership of the luggage).

In his objections, the defendant argues that he did not disclaim ownership of the digital camera. At the evidentiary hearing held on June 17, 2011, the defendant testified that he never told the police the camera was not his. Suppression Hr'g Tr.

8

30, June 17, 2011.  Further, the defendant points to his sister's testimony, in which she confirms that he owned a purple and pink camera in June 2010.  Suppression Hr'g Tr. 10-12, June 17, 2011. The defendant's objections also question the credibility of the officers who testified at the evidentiary hearings.  Specifically, the defendant contends that Officer Thomas' testimony at the second evidentiary hearing directly contradicts the testimony of Officer Larson at the first evidentiary hearing with regard to the search of the memory card found in the defendant's pocket.  The defendant further argues that Officer Larson's testimony regarding the ownership of the camera should be disregarded.  Lastly, the defendant asserts that the magistrate judge's report and recommendation is inconsistent.  On the one hand, the magistrate judge found that the defendant owned the camera such that he had standing to challenge the search and seizure.  On the other hand, the magistrate judge held that the defendant's statements disclaiming ownership of the camera were not credible.  Thus, the defendant argues that the magistrate judge's finding regarding the abandonment of the camera is erroneous.

This Court has reviewed the transcripts of the hearing on the motion to suppress, held on June 17, 2011 and resumed on June 21, 2011, and finds the testimony of the officers to be credible.  All three law enforcement witnesses testified that the defendant verbally denied ownership of the camera.  Suppression Hr'g Tr. 38;

59; 76, June 17, 2011. The consistent position of the officers' testimony that the defendant disclaimed ownership leads this Court to concur with the magistrate judge in finding that the defendant abandoned the camera. Moreover, although the defendant's sister described a pink/purple camera used by the defendant, she also admits that the defendant had four or five cameras and that she was unsure when and how the defendant acquired the camera. Suppression Hr'g Tr. 14; 16, June 17, 2011. The defendant argues that the officers subjectively believed that the camera belonged to him, but it is very possible that the camera belonged to someone else. It is unclear from the evidence whether the defendant ever had actual possession of the camera. In fact, the officers submit that the camera was found on the ground at the scene. When Officer Larson found the camera, the defendant volunteered that it was not his camera. Ultimately, the subjective beliefs of the officers are irrelevant -- this Court's focus is the objective reasonableness of the officer's actions under the circumstances and in light of the available information. See Stansbury v. California, 511 U.S. 318, 323 (1994). Given the information presented to the officers, this Court agrees that the search of the camera was objectively reasonable.

This Court now turns to the defendant's argument that the magistrate judge's determination as to standing is inconsistent with his ultimate decision on the motion to suppress. To establish

standing, the defendant bears the burden of proving that he has a reasonable expectation of privacy in the place searched or the item seized. United States v. Bullard, 645 F.3d 237, 242 (4th Cir. 2011). In this case, after hearing testimony from the defendant and his sister, the magistrate judge determined that the defendant had put on a prima facie case that he had standing to challenge the search. Although the defendant initially established standing, after hearing testimony from the officers, the magistrate judge determined that the defendant, by telling the officers that the camera did not belong to him, had forfeited his standing. See United States v. Morgan, No. 1:08cr00017, 2009 WL 1160334 (W.D. Va. April 30, 2009) ("[A] person who denies ownership of certain property loses standing to challenge the property's search or seizure.").

In addition to discussing the abandoned digital camera, the magistrate judge also addresses the search of the memory card found in the defendant's pocket. The report and recommendation states that it was unreasonable for the officers to assume that the memory card seized from the defendant's pocket was abandoned and therefore able to be searched despite the absence of a warrant. Neither party objected to this finding. This Court agrees with the magistrate judge and holds that the defendant did have a reasonable expectation of privacy in the memory card seized from his pocket.

11

Finally, this Court concurs that because the search of the camera and the memory card therein was reasonable, the statements allegedly made by the defendant to hinder his prosecution, which the defendant argues "flow from the illegal search of the camera," are not subject to suppression.

V. Conclusion

For the reasons stated above, this Court hereby OVERRULES the defendant's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to suppress is GRANTED IN PART and DENIED IN PART. Specifically, the defendant's motion to suppress is GRANTED as to the memory card seized from the defendant's pocket and DENIED as to the digital camera, the memory card contained therein, and the statements allegedly made by the defendant to hinder is prosecution. Finally, the defendant's motion to suppress evidence seized under search warrant is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED:    August 26, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE